# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

**TCA GLOBAL CREDIT MASTER FUND, L.P.,**
a Cayman Islands limited partnership,

**Plaintiff,**

vs.

**WOWIO, INC. (d/b/a Studio W),**
a Texas corporation, and
**BRIAN K. ALTOUNIAN, an individual,**

**Defendants.**

_____/

## COMPLAINT

Plaintiff, **TCA GLOBAL CREDIT MASTER FUND, L.P.,** a Cayman Islands limited partnership, ("TCA Fund" or the "Plaintiff"), by and through its undersigned counsel, hereby sues Defendants **WOWIO, INC.** ("Wowio), a Texas corporation, and **BRIAN ALTOUNIAN** ("Altounian"), an individual, (collectively, Wowio and Altounian are referenced herein as "Defendants") and alleges:

## NATURE OF THE ACTION

1.  Defendants Wowio and Altounian have defaulted on a number of loan transaction agreements executed with and in favor of Plaintiff TCA Fund. Plaintiff is suing Wowio to foreclose on Plaintiff's first priority security interest collateral in all of Wowio's assets and for the principal, interest, costs and fees owed to Plaintiff under the various transaction agreements. Plaintiff is suing Altounian to enforce a Personal Guaranty and Validity Guaranty executed by him. In this action, Plaintiff TCA Fund seeks to hold all of the Defendants fully accountable for the amounts due and owing under the loan transaction agreements and seeks money damages in excess of $350,000.00,

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

plus interest, costs, and attorney's fees. In addition, the Defendants, with full knowledge of TCA Fund's first priority security interest in all of Wowio's assets have acted to fraudulently transfer and divert those assets and with the actual intent to hinder, delay or defraud a creditor, TCA Fund. Consequently, Plaintiff TCA Fund is also suing Defendants to recover compensatory damages resulting from their fraudulent transfer of Wowio's assets.

## PARTIES, JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between Plaintiff TCA Fund, a citizen of a foreign state (the Cayman Islands), on the one hand, and the Defendants, each of which is a citizen of either Texas and/or California.

3.      At all relevant times, Plaintiff TCA Fund was formed in the Cayman Islands, a foreign state, is *sui juris,* and maintained its principal office in the Cayman Islands. Plaintiff TCA Fund is, therefore, a citizen of a foreign state within the meaning of 28 U.S.C. § 1332(a)(2). Plaintiff TCA Fund is obligated to pay its attorneys a reasonable fee for the attorneys' services. TCA Fund is managed by Trafalgar Capital Advisors, Inc. d/b/a TCA Fund Management Group which itself maintains offices in London, Sydney, and also in Hollywood, Florida.

4.      Defendant Wowio is a Texas corporation with its principal executive offices located at 6310 San Vicente Blvd., Suite 240, Los Angeles, California 90048. Wowio is registered to do business in California as Entity Number C3251897 and has an "Active" status. Defendant Altounian is designated as Wowio's Agent for Service of Process. Defendant Wowio is *sui juris*.

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

5. In a Form S-1 filed with the Securities and Exchange Commission on February 8, 2013 (the "Form S-1"), Wowio describes its business as follows:

> We are in the business of creating, distributing, marketing, and monetizing "published" material, such as books, comic books, illustrated novels and graphic novels, and producing digital media, including web series, eBooks, eComics, graphic novels and branded entertainment, which is displayed on digital and traditional media channels. Our business is comprised of three divisions: 1) wowio.com, the eBook distribution platform with a unique pricing model, which takes advantage of our proprietary patent; 2) Studio W, the digital media production entity, creating online and off-line brand-expansion entertainment properties and programs for our content; and 3) Carthay Circle Publishing, Inc. ("Carthay"), the newest subsidiary, which we intend to use to build out our catalog of content to exploit across our various consumer-facing properties.
>
> Through wowio.com, we currently distribute both company-owned and 3rd-party-owned eBooks and eComics, generating revenues through eBook and eComics sales transactions. Approximately 99% of the content we distribute through wowio.com is owned by third parties. Utilizing our proprietary patented technology, we currently generate revenues through the insertion of advertising in eBooks. Finally, we also currently generate revenues through online advertising on the wowio.com website. Through Studio W, we create and produce our own content such as online videos, generating revenues through pre-roll video ads and additional online advertising on our content-oriented websites The Duck Webcomics, PopGalaxyand our branded YouTube channels. Through Carthay, we intend to publish our own library of material as eBooks andeComics, which we will distribute on our own wowio.com site as well as distribute through other eBook distribution platforms, generating revenues through eBook sales transactions. . . .
>
> The digital platform has expanded the global reach for content providers, and content consumers now have access to entertainment choices that they did not have previously. For the first time, based on this digital platform, content creators can reach their targeted consumers directly and with greater immediacy than ever before. . . .
>
> As a development stage company, revenues to date have been insignificant as the Company has primarily completed proof-of-concept and prototypical ad campaigns with our ad partners. We currently generate revenues primarily through the advertising on our sites and through the sales of eBooks and eComics. . . .

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

6.Defendant Altounian is the Chief Executive Officer, President, Treasurer and Chairman of the Board of Wowio and resides in the State of California. By virtue of his own alleged fraudulent conduct, his position with Wowio, and his own contractual agreements with TCA Fund, Altounian is subject to the jurisdiction of the courts of Florida. Defendant Altounian is *sui juris*.

7.The Court has personal jurisdiction over Defendants Wowio and Altounian pursuant to Section 48.193(1)(g) of the Florida Statutes providing for jurisdiction in the courts of this state for any cause of action resulting from "breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(g).

8.The transaction documents require Defendants Wowio and Altounian to perform certain of their contractual obligations in the State of Florida and they have breached those obligations. Pursuant to Section 10.10 of the Credit Agreement, attached hereto as **Exhibit A**, "Borrower shall, within fifteen (15) days after the end of each calendar month, deliver to Lender a Compliance Certificate showing compliance by Borrower with the covenants herein and therein, and certified as accurate by the Chief Financial Officer or President of Borrower." The required "Compliance Certificate," form attached as internal exhibit A to the Credit Agreement, is addressed to TCA Fund at the Hollywood, Florida office of its manager, TCA Fund Management Group. Among a number of other breaches of their contractual obligations under the transaction documents, Defendants have failed to provide the required accurate and certified Compliance Certificates to TCA Fund in Florida.

9.The Court also has personal jurisdiction over Defendants Wowio and Altounian pursuant to Section 48.193(1)(b) of the Florida Statutes providing that a defendant "submits himself

4

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

or herself ... to the jurisdiction of the courts of this state for any cause of action arising from [the defendant's activities] ... [c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(b). While Defendants were not physically present in the State of Florida when committing their fraudulent transfers of Wowio's assets, they used telephonic, electronic and/or written communications into Florida in making fraudulent misrepresentations to TCA Fund relating to those assets.

10.     In addition to personal jurisdiction pursuant to Section 48.193 of the Florida Statutes, the Defendants also had sufficient minimum contacts with the State of Florida to satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution so that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

11.     As indicated, pursuant to Section 10.10 of the Credit Agreement, attached hereto as **Exhibit A**, Defendants were required " within fifteen (15) days after the end of each calendar month . . .," to deliver to TCA Fund in Florida a Compliance Certificate showing their compliance with the covenants imposed by TCA Fund. Thus, the parties contemplated that the Defendants would have repeated and ongoing contacts with the Plaintiff TCA Fund in the State of Florida. Further, Section 14.18 of the Credit Agreement also provides that any "notices, consents, waivers, or other communications required or permitted to be given under the terms of this Agreement . . ." to be sent to TCA Fund were to be sent to the Hollywood, Florida offices of its manager (with a copy to transactional counsel in Boca Raton, Florida). Thus, in order to obtain funding from TCA Fund, Defendants purposefully established contacts with Florida such that they could reasonable anticipate

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

being haled into court there and the assertion of personal jurisdiction over them comports with fair play and substantial justice.

12.     All conditions precedent to commencing this action have occurred, been satisfied, or have been waived.

13.     Venue is proper in this district because many of the acts complained of herein occurred in this district.

## GENERAL ALLEGATIONS

14.     On or about August 31, 2012, but made effective September 21, 2012, Defendant Wowio entered into a Credit Agreement with TCA Fund. *See* Credit Agreement, attached hereto and incorporated herein by reference as **Exhibit A**, at 1. The Credit Agreement established the structure for a $2,000,000 revolving credit facility to be provided by TCA Fund on the condition that, among other things, Wowio — the "Borrower" under the Credit Agreement — secure its obligations under the Credit Agreement by granting TCA Fund a first priority security interest in and lien upon all of its existing and after-acquired assets. *Id*. at 1. As a revolving credit facility, TCA Fund agreed to make Revolving Loans to the Borrower (Wowio) as it, from time to time, might request up to the limit of the Revolving Loan Availability (the amount remaining from the Revolving Loan Commitment, initially set at $250,000.00). *Id.* at 11-12. The Credit Agreement provided that the Borrower (Wowio) could repay the Revolving Loans and borrow the funds again until the Revolving Loan Maturity Date (six months from the date the loan was originally funded). *Id.*

15.     In connection with the revolving credit facility established in the Credit Agreement, the Defendants executed various other agreements, also effective as of September 21, 2012. In

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

addition to the Credit Agreement, the initial revolving line of credit for $250,000.00 extended by TCA Fund was embodied in, among other documents, (1) a Revolving Note, attached hereto as **Exhibit B**, in the amount of $250,000.00, executed by Altounian as President and CEO of Wowio; (2) a Security Agreement, attached hereto and incorporated herein by reference as **Exhibit C**, executed by Altounian as President and CEO of Wowio; (3) a Personal Guaranty, attached hereto and incorporated herein by reference as **Exhibit D**, executed by Defendant Altounian in his individual capacity; (4) a Validity Guaranty, attached hereto and incorporated herein by reference as **Exhibit E**, executed by Defendant Altounian in his individual capacity; (5) a Subordination of Loans Agreement, attached hereto and incorporated herein by reference as **Exhibit F**, executed by Defendant Altounian in his individual capacity; and (6) the Lock Box Deposit Requirement Confirmation, attached hereto and incorporated herein by reference as **Exhibit G**, executed by Altounian on behalf of Wowio.

16.     To ensure repayment and security for the loans extended, the Credit Agreement, among other things, required the Borrower (Wowio) to post all its present and future assets as collateral for the obligations due to TCA Fund, including a requirement that Wowio direct all of its accounts receivable debtors to make all payments directly to a post office box under the exclusive control of TCA Fund (the "Lock Box") and to maintain a bank account in TCA Fund manager's name for the deposit of those payments (the "Lock Box Account").  Credit Agreement, **Exhibit A** hereto, at 12-13.

17.     As a condition of obtaining the initial funding, Defendant Altounian executed, on behalf of Wowio, a document entitled "Lock Box Deposit Requirement Confirmation," attached as

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

**Exhibit G** hereto, in which he confirmed, among other things, that the Lock Box Account had been established and that Wowio had directed all of its customers to make all payments to the Lock Box Account:

> Pursuant to Section 2.1 (e) of the Credit Agreement, Brian Altounian, the President of the Borrower, hereby confirms, agrees and acknowledges that commencing as of the Closing Date, Borrower has and shall: (i) to the extent any Customers make or pay any Receipts to Borrower by a wire transfer, directed all of such Customers to make all such wire transfer payments directly to the Lock Box Account; and (ii) to the extent any Customers make or pay any Receipts to Borrower by any other form other than wire transfer (such as through a check), then Borrower shall direct all of its Customers to make all such payments and Receipts directly to the Lock Box.

18.     The funds to be deposited into the Lock Box Account were specifically designated as part of the collateral posted by Wowio as security for its payments and obligations due under the transaction documents.  *See* Security Agreement, attached as **Exhibit C** hereto, at Section 2.1(b)(v). In the Security Agreement, Wowio did "hereby pledge, assign, transfer, deliver and grant to Secured Party [TCA Fund] . . . *a continuing and unconditional first priority security interest* in and to any and all property of Debtor [Wowio], of any kind or description, tangible or intangible, wheresoever located and whether now existing or hereafter arising or acquired, including the following . . . All Securities, Investment Property, Financial Assets and Deposit Accounts, *specifically including the Lock Box Account, and all funds at any time deposited therewith* . . ." *Id.* (emphasis added).  TCA Fund properly perfected its security interest with the filing of a UCC-1 Financing Statement.  See **Exhibit H** hereto.

19.     In addition to the Lock Box Requirement Confirmation that Altounian executed on behalf of Wowio, he also, in his individual capacity, executed a Validity Guaranty in which he

8

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

"absolutely and unconditionally, represent, warrant and guarantee to Lender [TCA Fund] that: (a) All Receipts and other monies, checks, notes, drafts or other payments receivable or received by the Borrower shall be deposited into the Lock Box Account and otherwise used only in accordance with the terms of the Credit Agreement. . . ." Validity Guaranty, attached hereto as **Exhibit E**, at 1. The Validity Guaranty expressly states that it "is a continuing guaranty and shall remain in full force and effect as to all of the Obligations until such date as all amounts owing by Borrower to Lender shall have been paid in full in cash and all commitments of Lender to lend under the Credit Agreement have terminated or expired . . ." *Id.*, at 2.

20. Pursuant to the terms of the Credit Agreement and the related transaction documents executed by Wowio and Altounian, on or about August 31, 2012, TCA Fund disbursed the initial draw amount of $250,000.00.

21. Pursuant to the terms of the Credit Agreement, any nonpayment, misrepresentation, or failure to perform by Wowio or Altounian under the terms of any of the transaction documents constitutes an "Event of Default." *See* Credit Agreement, attached hereto as **Exhibit A**, at Section 12, page 38.

22. Wowio and Altounian have failed to abide by the terms of the Credit Agreement and are diverting Wowio's receivables — instead of directing them to the Lock Box — and using those funds for other purposes in violation of TCA Fund's rights as a secured creditor. Consequently, Wowio has failed to make required payments into the Lock Box Account and is in default under the terms of the Credit Agreement.

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.*,
**Complaint for Monetary Damages and Other Relief**

23.   In addition, Defendant Altounian has not complied with his individual obligation to ensure that "[a]ll collections and proceeds of Eligible Accounts from time to time received by Borrowers . . . shall forthwith be delivered to Lender . . . " and consequently, he is in breach of the Validity Guaranty.

24.   Under the Validity Guaranty, Defendant Altounian also agreed to "cooperate with Lender at all times in connection with any actions taken by Lender pursuant to the Credit Agreement to monitor, administer, enforce, or collect the Collateral." *See* Validity Guaranty, attached as **Exhibit E** hereto, at 2. Defendant Altounian has not cooperated with TCA Fund in its efforts to collect the Collateral — indeed, he has actively interfered with TCA Fund's security interest by fraudulently transferring that Collateral — and consequently, he is in breach of the Validity Guaranty.

25.   Pursuant to the terms of the Revolving Note, attached as **Exhibit B** hereto, Defendant Wowio agreed that, on or before March 31, 2013, it would pay to TCA Fund the lesser of $250,000.00 or the outstanding amount of all Revolving Loans and it has failed to do so. Consequently, Wowio is in breach of the Revolving Note.

26.   Pursuant to Section 2.2(h) of the Credit Agreement, attached hereto as **Exhibit A**, Wowio agreed to pay to TCA Fund an advisory fee in the form of three warrants to be redeemed on three specific dates at a redemption price of $30,000.00 each, with the first redemption due on March 21, 2013, and it failed to pay the redemption amount. Consequently, Wowio is in breach of Section 2.2(h) of the Credit Agreement. Pursuant to sections 2.1(c) and 5.13 of the Credit Agreement, TCA Fund is entitled to recover interest on said amount at the Default Rate together

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

with all reasonable fees, costs and expenses (including attorneys' fees and costs) incurred by TCA Fund in enforcing its rights.

27. Pursuant to the terms of the Personal Guaranty, attached hereto as **Exhibit D**, Defendant Altounian, in his individual capacity, "unconditionally and absolutely" guaranteed the "full and complete payment and performance" of Wowio's obligations to TCA Fund under the transaction documents, including, among others, the Credit Agreement and the Note. Defendant Altounian has not honored that Personal Guaranty. Consequently, Defendant Altounian is in breach of the Personal Guaranty. Pursuant to section 4.1 of the Personal Guaranty, TCA Fund is entitled to recover all fees and expenses incurred, including the fees and costs of counsel, in connection with the protection or enforcement of its rights under the Personal Guaranty.

28. TCA Fund has notified Defendants of their defaults and TCA Fund's undersigned counsel has made a demand for payment due and owing. Despite such notice and demand, the Defendants have not paid the amounts presently due and owing to TCA Fund.

29. The outstanding balance due and owing to the TCA Fund from the Defendants pursuant to the Credit Agreement and associated transaction documents is presently $351,648.28 plus all reasonable costs, attorney's fees, and expenses incurred by TCA Fund in connection with the enforcement of its rights.

## COUNT I - FOR AMOUNT DUE ON REVOLVING NOTE
(Against Defendant Wowio)

30. Plaintiff TCA Fund realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 29 as if fully set forth herein.

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

31. Defendant Wowio has failed to timely pay amounts due and owing under the Revolving Note, attached hereto as **Exhibit B,** and consequently, is in default under the terms of the transaction documents. TCA Fund has notified Defendant Wowio of the defaults and of the resulting acceleration of the full amount due and owing pursuant to the transaction documents and, to date, Defendant Wowio has not remitted the full amounts due and owing.

**WHEREFORE**, Plaintiff TCA Fund respectfully requests that this Court enter a judgment in favor of Plaintiff TCA Fund and against Defendant Wowio, and which:

A. Orders that Defendant Wowio shall pay compensatory damages in an amount of $351,648.28 in accordance with the proof adduced;

B. Orders that Defendant Wowio shall pay pre- and post-judgment interest on such compensatory damages at the legal rate of interest pursuant to Sections 687.01 and 55.03 of the Florida Statutes, Fla. Stat. §§ 687.01 and 55.03; and

C. Orders that Defendant Wowio shall pay all reasonable fees and expenses incurred by TCA Fund, including the reasonable fees of counsel, in connection with the enforcement of TCA Fund's rights; and

D. Awards Plaintiff TCA Fund such other and further relief as this Court deems just and proper.

### COUNT II - ON VALIDITY GUARANTY
(Against Defendant Altounian)

32. Plaintiff TCA Fund realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 29 as if fully set forth herein.

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

33.   As more fully described above, to induce TCA Fund to extend credit to Defendant Wowio, Defendant Altounian executed a Validity Guaranty, attached as **Exhibit E** hereto, in which he unconditionally and absolutely guaranteed that "[a]ll collections and proceeds of Eligible Accounts from time to time received by Borrowers . . . shall forthwith be delivered to Lender as required under the Credit Agreement." Defendant Altounian has not complied with his obligation to ensure that "[a]ll collections and proceeds of Eligible Accounts from time to time received by Borrowers . . . shall forthwith be delivered to Lender . . . " and consequently, he is in breach of the Validity Guaranty.

34.   Under the Validity Guaranty, Defendant Altounian also agreed to "cooperate with Lender at all times in connection with any actions taken by Lender pursuant to the Credit Agreement to monitor, administer, enforce, or collect the Collateral." *See* Validity Guaranty, attached as **Exhibit E** hereto. Defendant Altounian has not cooperated with TCA Fund in its efforts to collect the Collateral and consequently, is in breach of the Validity Guaranty.

**WHEREFORE**, Plaintiff TCA Fund respectfully requests that this Court enter a judgment in favor of Plaintiff TCA Fund and against Defendant Altounian and which:

A.   Orders that Defendant Altounian shall pay compensatory damages in an amount of $351,648.28 in accordance with the proof adduced;

B.   Orders that Defendant Altounian shall pay pre- and post-judgment interest on such compensatory damages at the legal rate of interest pursuant to Sections 687.01 and 55.03 of the Florida Statutes, Fla. Stat. §§ 687.01 and 55.03;

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

    C.    Orders that Defendant Altounian shall pay all reasonable fees and expenses incurred by TCA Fund, including the reasonable fees of counsel, in connection with the enforcement of TCA Fund's rights under the Validity Guaranty; and

    D.    Awards Plaintiff TCA Fund such other and further relief as this Court deems just and proper.

### COUNT III - ON PERSONAL GUARANTY
(Against Defendant Altounian)

35.    Plaintiff TCA Fund realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 29 as if fully set forth herein.

36.    As more fully described above, to induce TCA Fund to extend credit to Defendant Wowio, Defendant Altounian executed a Personal Guaranty, attached as **Exhibit D** hereto, in which he "unconditionally and absolutely" guaranteed the "full and complete payment and performance" of Wowio's obligations to TCA Fund under the transaction documents, including, among others, the Credit Agreement and the Note. Defendant Altounian has not complied with his obligations under the Personal Guaranty and consequently, he is in breach of the Personal Guaranty.

**WHEREFORE**, Plaintiff TCA Fund respectfully requests that this Court enter a judgment in favor of Plaintiff TCA Fund and against Defendant Altounian and which:

    A.    Orders that Defendant Altounian shall pay compensatory damages in an amount of $351,648.28 in accordance with the proof adduced;

    B.    Orders that Defendant Altounian shall pay pre- and post-judgment interest on such compensatory damages at the legal rate of interest pursuant to Sections 687.01 and

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

55.03 of the Florida Statutes, Fla. Stat. §§ 687.01 and 55.03;

C. Orders that Defendant Altounian shall pay all reasonable fees and expenses incurred by TCA Fund, including the reasonable fees of counsel, in connection with the enforcement of TCA Fund's rights under the Personal Guaranty; and

D. Awards Plaintiff TCA Fund such other and further relief as this Court deems just and proper.

## COUNT IV - FORECLOSURE ON SECURITY
(Against Defendant Wowio )

37. Plaintiff TCA Fund realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 29 as if fully set forth herein.

38. As security for the payment and performance of its obligations under the Credit Agreement and Revolving Note, attached hereto as **Exhibits A and B**, respectively, Defendant Wowio granted to TCA Fund a "continuing and unconditional first priority security interest in and to any and all property of each Debtor, of any kind or description, tangible or intangible, wheresoever located and whether now existing or hereafter arising or acquired . . ." Security Agreement, attached hereto as **Exhibit C**, at ¶ 2.1.

39. TCA Fund owns and holds the Credit Agreement, Revolving Note, and the Security Agreement, attached hereto as **Exhibits A, B, and C**, respectively. Defendant Wowio holds possession of the security pledged in the Security Agreement.

40. Defendant Wowio has defaulted under the terms of the Credit Agreement, Revolving Note, and the Security Agreement, attached hereto as **Exhibits A, B, and C**, respectively, by failing

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

to pay the amounts due and owing to TCA Fund and by failing to fulfill other obligations owed to TCA Fund. Consequently, TCA Fund has accelerated all amounts due and owing.

**WHEREFORE**, Plaintiff TCA Fund respectfully requests that this Court enter a judgment in favor of Plaintiff TCA Fund and against Defendant Wowio and enter an Order:

A. Foreclosing the Security Agreement and, if the proceeds of the sale are insufficient to pay TCA Fund's claim in full, granting TCA Fund a deficiency judgment;

B. Ordering that Defendant Wowio shall pay all reasonable fees and expenses incurred by TCA Fund, including the reasonable fees of counsel, in connection with the enforcement of TCA Fund's rights; and

C. Awarding Plaintiff TCA Fund such other and further relief as this Court deems just and proper.

### COUNT V - FRAUDULENT TRANSFER OF ASSETS
(Against Both Defendants Wowio and Altounian)

41. Plaintiff TCA Fund realleges and incorporates by reference the allegations set forth above in Paragraphs 1 through 29 as if fully set forth herein.

42. As set forth above, TCA Fund has a security interest in ***all*** of Wowio's assets, including its financial assets and specifically including the Lock Box Account. *See* Security Agreement, attached as **Exhibit C** hereto. The Defendants, with full knowledge of TCA Fund's first priority security interest in all of Wowio's assets, including its financial assets and the Lock Box Account, have acted to fraudulently transfer those assets and with the actual intent to hinder,

*TCA Global Credit Master Fund, L.P., v. Wowio, Inc., et al.,*
**Complaint for Monetary Damages and Other Relief**

delay or defraud TCA Fund.  As a result of the fraudulent transfer of Wowio's assets by Defendants, those assets have been dissipated without paying the sums due and owing to TCA Fund.

**WHEREFORE**, Plaintiff TCA Fund respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendants and which:

A. Orders that any transfer of Wowio's assets that were subject to TCA Fund's security interest are avoided to the extent necessary to satisfy TCA Fund's claims;

B. Orders that Defendants Wowio and Altounian are enjoined from further transfer of Wowio's assets subject to TCA Fund's security interest; and

C. Awards  Plaintiff TCA Fund such other and further relief as this Court deems just and proper.

Dated: June 14, 2013  
Boca Raton, Florida

Respectfully submitted,

**s/ Carl F. Schoeppl, Esq.**
Carl F. Schoeppl, Trial Counsel
Florida Bar No. 818518
*Counsel for Plaintiff TCA*
   *Global Credit Master Fund, L.P.*
**SCHOEPPL & BURKE, P.A.**
4651 North Federal Highway
Boca Raton, Florida 33431
Telephone: (561) 394-8301
Facsimile: (561) 394-3121
E-mail: carl@schoepplburke.com

F:\TCA - Wowio\Pleadings\Complaint 06 14 13FINAL.wpd